```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re: CHEMTURA CORPORATION, et al.,                :
                                                    :
                            Reorganized Debtors.    :
------------------------------------------------------------------------X
CARLE GABAUER, et al.,                              :      13 Civ. 2023 (JMF)
                                                    :
                            Appellants,             :
                                                    :
            -v-                                     :      MEMORANDUM OPINION
                                                    :             AND ORDER
CHEMTURA CORPORATION, et al.,                       :
                                                    :
                                                    :
                            Appellees.              :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this bankruptcy appeal, a group of people who were exposed to a disease-causing chemical that was manufactured and sold by the reorganized debtors challenge an order of the Bankruptcy Court enjoining them from bringing state tort actions. For the reasons that follow, the Order of the Bankruptcy Court is affirmed.

## BACKGROUND

Chemtura Corporation, a chemical producer and supplier, and its affiliates filed for Chapter 11 bankruptcy in March 2009, and Chemtura Canada Co./Cie. (together with Chemtura Corporation, "Chemtura" or "Appellees") joined the consolidated proceedings in August 2010. (Appellees' Br. (Docket No. 14) 2; Appellants' Br. (Docket No. 7) 4). Among the liabilities that Chemtura faced at the time of its bankruptcy filing were tort claims related to its production and sale of diacetyl, a butter-flavoring ingredient used in food products. (Appellees' Br., App'x A ("Decision"), at 26:18-21). Exposure to diacetyl can lead to lung disease, and Chemtura manufactured and sold the chemical until 2005. (*Id.*, at 26:9-12). At the time that Chemtura

1

Corporation filed its petition for bankruptcy, it faced approximately fifteen diacetyl lawsuits involving approximately fifty plaintiffs.  (*Id.*, at 26:18-21).

During the bankruptcy proceedings, Chemtura filed a motion requesting that the Bankruptcy Court set a date (the "Bar Date") by which all creditors — including diacetyl claimants — were to file their proofs of claim.  (Bankr. Docket No. 872).[1]  On August 17, 2009, the Bankruptcy Court held a hearing, during which it considered, among other things, the adequacy of the program by which potential diacetyl claimants would be notified of the Bar Date.  (Appellees' Br., App'x H).  Concluding that the notice program was appropriate, the Bankruptcy Court set a Bar Date of October 31, 2009.  (Decision, at 27:20-28:9).  Pursuant to the notice program, Chemtura mailed direct notice of the Bar Date to all known creditors and publication of both general notices and "site-specific" notices for unknown creditors.  (Decision, at 26:21-23, 28:6-9).

Most important for purposes of this appeal, Chemtura published a "site-specific" notice (the "Notice") in the *Home News Tribune*, a newspaper circulated in Middlesex County, New Jersey.  (Decision, at 37:22-23; Appellees' Br., App'x G ("Notice")).  To the extent relevant here, the Notice advised that the Bankruptcy Court had

> set a deadline for submitting claims against [Chemtura].  From 1998 to 2005 Chemtura Corporation sold diacetyl to food flavoring companies throughout the United States.  Among other things, diacetyl was used by these food flavoring companies to make butter flavoring.  If you have any claim against Chemtura Corporation related to exposure to diacetyl . . . that was supplied, sold or distributed by Chemtura Corporation directly or indirectly to . . . Firmenich, located at 250 Plainsboro Rd., Plainsboro, New Jersey 08536 . . . you **MUST** file a proof of claim form . . . by **October 30, 2009** . . . [*or*] *you will forever lose your rights to recover on your claim in the future*.

---

[1]     Citations to "Bankr. Docket" refer to the docket entries in the bankruptcy case captioned *In re Chemtura Corp.*, Case No. 09-11233 (Bankr. S.D.N.Y.).

(Notice (emphases in original)).  The Notice also explained that "[i]f you . . . [were] exposed to diacetyl . . . and if that exposure directly or indirectly caused injury that becomes apparent either now or in the future, you may have a claim under various legal theories for damages."  (*Id.*).

After the Bar Date had passed — indeed, after the bankruptcy plan was confirmed — nine people who worked for Firmenich (the "Firmenich Claimants" or "Appellants") filed suits in the Superior Court for Middlesex County, New Jersey against Chemtura, alleging injuries caused by exposure to diacetyl.  (Bankr. Docket No. 5777, Ex. 2; Bankr. Docket No. 5769, Exs. B-1 to B-8).  Chemtura moved before the Bankruptcy Court to enforce the discharge injunction against the Firmenich Claimants under the Chapter 11 plan.  (Appellees' Br., App'x D).  The Bankruptcy Court held a hearing on the motion on January 31, 2013, and issued an oral decision that same day, finding that the Firmenich Claimants' claims were discharged in the bankruptcy proceedings, and enjoining them from further prosecuting their suits.  (Decision 40:20-21; *see also* Bankr. Docket No. 5817).  This appeal followed.

## STANDARD OF REVIEW

When reviewing the decision of a bankruptcy court, the district court acts as an appellate court; findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990); *In re MF Global Holdings*, No. 13 Civ. 3532 (AT), 2014 WL 231130, at *1 (S.D.N.Y. Jan. 22, 2014).  Mixed questions of fact and law are also reviewed *de novo*.  *In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003).

## DISCUSSION

On appeal, the Firmenich Claimants' sole contention is that they did not receive constitutionally adequate notice of the Bar Date because they did not know they had diacetyl-induced illnesses until after the Bar Date had passed and the plan had been confirmed.

(Appellants' Br. 16-17).  As the Supreme Court held in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Consistent with that principle, courts have long recognized that bankruptcy proceedings must comply with the strictures of the Due Process Clause, and that a discharge will not operate against claimants who were not provided with constitutionally adequate notice of the proceedings.  *See, e.g.*, *In re Grumman Olson Indus.*, 467 B.R. 694, 706-07 (S.D.N.Y. 2012) (collecting cases).

Upon review of the parties' briefs and the entire record in this case, the Court concludes that the Notice in this case was sufficient to bar Appellants' claims, substantially for the reasons provided by the Bankruptcy Court.  (*See* Decision, at 36:18-40:21).  Notably, in arguing otherwise, Appellants do not dispute that their claims are covered by the plain language of the discharge, do not argue that publication or circulation of the Notice was inadequate, and do not contend that the Notice failed to apprise those who might know that they had claims that they needed to act prior to the Bar Date.  Instead, relying principally on *In re Waterman Steamship Corp.*, 157 B.R. 220 (S.D.N.Y. 1993) ("*Waterman II*"), they contend that the notice program was insufficient because, at the time of the Notice, they "had no knowledge that they held diacetyl-related claims against Chemtura."  (Reply Br. of Appellants (Docket No. 17) 4).  In essence, Appellants argue that, while the Notice may have been adequate as to people with reason to know that they might have diacetyl-related claims, it was inadequate as to Appellants because they "had not yet been diagnosed with a diacetyl-induced disease" and thus had no reason to know that they might have claims.  (Appellants' Br. (Docket No. 7) 1).

The Court is unpersuaded. In *Waterman*, the debtor sought to enjoin suits brought by people who had been exposed to asbestos prior to the filing of the bankruptcy petition, but who developed asbestosis only after the plan was confirmed. *See In re Waterman S.S. Corp.*, 141 B.R. 552, 554 (Bankr. S.D.N.Y. 1992) ("*Waterman I*"). To the extent relevant here, the Bankruptcy Court held — a holding affirmed on appeal, *see Waterman II*, 157 B.R. at 222 — that claimants who "had yet to manifest any detectible injury prior to confirmation" could not "be deemed to have relinquished substantive rights when, even if that individual had read the 'notice,' those individuals would have remained completely unaware that their substantive rights were affected." 141 B.R. at 559; *see also In re Johns-Manville Corp.*, 600 F.3d 135, 158 (2d Cir. 2010) (holding that an insurer could not be bound by bankruptcy court's orders where "even if [the insurer] received the Notice document, it could not have anticipated . . . that its . . . claims . . . would be enjoined"). As the Court sensibly reasoned, "'[a] creditor who is notified of the bankruptcy, but not of his claim, is in the same position as a creditor who has notice of his claim, but not of the bankruptcy.'" *Waterman I*, 141 B.R. at 559 (quoting *Acevedo v. Van Dorn Plastic Mach. Co.*, 68 B.R. 495, 499 (Bankr. E.D.N.Y. 1986)).

Here, however, it cannot be said that, had the Firmenich Claimants read the Notice, they "would have remained completely unaware that their substantive rights were affected" by the Bar Date. *Id.* at 559. The Notice, which was disseminated in a local newspaper circulated in the area of the Firmenich plant, advised that Chemtura had sold diacetyl to food-flavoring companies throughout the United States from 1998 to 2005, and specifically referenced Firmenich as one of those companies. (Notice). Additionally, the Notice specifically provided that "[i]f you . . . [were] exposed to diacetyl . . . and if that exposure directly or indirectly caused injury that *becomes apparent* either now or *in the future*, you may have a claim under various legal theories

5

for damages." (Notice (emphasis added)). Through the combination of these statements, Chemtura put those who worked at Firmenich — including Appellants — on notice that (1) they might have been exposed to diacetyl while working at the plant; (2) they might have been injured by that exposure; (3) they would have a claim even if their injury had not yet manifested itself; and (4) they would lose their rights to recover on that claim if they did not file a proof of claim form by the Bar Date. Unlike the future claimants in *Waterman*, therefore, the Firmenich Claimants could have anticipated that their substantive rights might be affected by the Bar Date and taken steps (that is, sought legal advice and, ultimately, filed a claim) to protect their rights. In short, as the Bankruptcy Court found, the Notice was "reasonably calculated, under all the circumstances, to apprise [Appellants] of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.[2]

## CONCLUSION

The Court has reviewed all of Appellants' arguments and finds them to be without merit. Accordingly, and for substantially the reasons provided by the Bankruptcy Court, the order of the Bankruptcy Court is AFFIRMED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 10, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] On appeal, Appellants argue that the Bankruptcy Court could have satisfied the requirements of due process by appointing a legal representative to protect the rights of the future claimants. (Mem. 21-25). The Court need not address that argument because it agrees with the Bankruptcy Court that the Notice satisfied Appellants' due process rights.